UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KRISTI IHRIG, INDIVIDUALLY                                                              PLAINTIFF
AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED

V.                                                       CIVIL ACTION NO. 3:19-CV-428-DPJ-FKB

ACCC INSURANCE COMPANY                                                                  DEFENDANT

ORDER

Defendant ACCC Insurance Company asks the Court to dismiss Plaintiff's individual and class-wide claims for injunctive and declaratory relief. For the following reasons, its motion [4] is granted.

I. Facts and Procedural History

On June 30, 2016, Plaintiff Kristi Ihrig was seriously injured in an automobile accident with an uninsured motorist in Walthall County, Mississippi. At the time, she lived with her mother, Vonda Ihrig, who had an automobile insurance policy issued by ACCC. Ihrig made a claim for uninsured motorists' benefits under her mother's policy, which ACCC denied based on the policy's Family Member/Resident Exclusion. That provision "exclude[s resident] family members . . . of the insured as . . . 'covered person[s]' for purposes of uninsured motorist coverage if they are not named on the declarations page or added by endorsement." Am. Compl. [2] ¶ 19.

Ihrig believes the Family Member/Resident Exclusion violates the laws of the states of Mississippi, Alabama, Arizona, Georgia, Louisiana, New Mexico, Texas, and Utah. So on June 20, 2019, she filed this lawsuit on behalf of herself and two classes of plaintiffs under Federal Rule of Civil Procedure 23: (1) "all people in Mississippi, Alabama, Arizona, Georgia,

Louisiana, New Mexico, Texas and Utah properly recognized under their applicable state law as an insured for Uninsured/Underinsured motorist coverage, but Defendant ACCC's policies fail to recognize," and (2) "All Mississippi policy holders of Defendant ACCC that did not execute a proper written rejection of UM/UIM coverage." *Id.* ¶ 28. Substantively, Ihrig asserted individual claims for breach of contract, tortious breach of contract, violation of the covenant of good faith and fair dealing/bad faith, negligence, and gross negligence. As for the class claims, Ihrig sought injunctive relief and a declaratory judgment as to both putative classes.

ACCC moved "to dismiss the individual and class action claims for injunctive and declaratory relief," arguing that Ihrig lacks standing to assert those claims because her mother is no longer an ACCC policyholder. Mot. [4] at 1, 2; *see* Howard Aff. [4-1] ¶¶ 4–5. Ihrig responded, conceding that she lacks standing to seek injunctive relief but arguing that she has standing to pursue declaratory relief. Pl.'s Resp. [7] at 5.

II.    Analysis

"Standing is a component of subject[-]matter jurisdiction." *HSBC Bank USA, N.A. v. Crum*, 907 F.3d 199, 202 (5th Cir. 2018). And the Court may determine the propriety of subject-matter jurisdiction by considering "the complaint supplemented by undisputed facts in the record." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986). As stated, Ihrig concedes that her mother is no longer an ACCC policyholder and that she lacks standing to seek injunctive relief. As a result, she also lacks standing to seek injunctive relief for the class.

That leaves the question whether Ihrig has standing to seek declaratory relief for herself and the class. "'In a case of actual controversy within its jurisdiction,' the Declaratory Judgment Act allows a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration.'" *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006) (quoting 28

U.S.C. § 2201). "But the Declaratory Judgment Act does not vest the federal courts with jurisdiction broader than Article III's 'case or controversy' limitation." *Waller v. Hanlon*, 922 F.3d 590, 603 (5th Cir. 2019). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that [s]he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). "To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Id.*

Ihrig appears to concede that, since her mother is no longer an ACCC policyholder, she does not face an "immediate threat of repeated injury." *Id.* Instead, Ihring attempts to distinguish her case from those ACCC cited by explaining that her request for declaratory relief seeks "actual" as opposed to "prospective" declaratory relief. Pl.'s Resp. [7] at 4. But she neither explains the legal significance of a claim for "actual" declaratory relief nor cites any authority that applies a different test to such a claim. And it is clear that she is seeking "equitable relief for [a] past wrong[]," *i.e.*, the denial of her claim for uninsured motorists' coverage under her mother's policy—a wrong for which she also seeks compensatory damages. *Bauer*, 341 F.3d at 358.

Ihrig does say ACCC "continues to deny coverage to Ms. Ihrig" under an allegedly illegal policy provision. Pl.'s Resp. [7] at 5. But again, the claim relates to damages for an injury that has already occurred, and there is no threat of a future dispute because ACCC no longer insures Ihrig's mother. Ihrig cites no authority indicating this is the type of "continuing harm" that would establish standing on a claim for declaratory relief. *Bauer*, 341 F.3d at 358.

3

As the party invoking federal subject-matter jurisdiction, Ihrig has the burden of demonstrating that she has standing to assert a claim for declaratory relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). She has not met that burden.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendant's Motion to Dismiss Individual and Class Action Claims for Declaratory and Injunctive Relief [4] is granted. The claims for declaratory and injunctive relief are dismissed without prejudice for lack of subject-matter jurisdiction. The parties are directed to contact the chambers of United States Magistrate Judge F. Keith Ball within 10 days to set the case for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 2nd day of April, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE